## HUGO ASH

### *v.*

## OTTO ZWIETUSCH.

*Filed at Ottawa January 20, 1896.*

LIBEL—*when statements in answer, in chancery, are privileged.* Alle-
gations in the answer to a bill by a traveling salesman for an ac-
counting for services and moneys received, that the complainant
was discharged for embezzlement, are not so wholly irrelevant and
impertinent as to deprive them of privilege.

*Ash* v. *Zwietusch,* 57 Ill. App. 157, affirmed.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. E. F. DUNNE, Judge,
presiding.

This is an action on the case, by appellant, against
appellee, for libel. The alleged libelous matter was con-
tained in appellee's answer filed to appellant's bill of
complaint brought against appellee for an accounting for
services rendered and moneys received under a contract
between the parties, by which appellant rendered ser-
vices for appellee as traveling salesman and as general
manager of a branch of the business in the sale of soda
fountains and supplies, for a certain fixed salary and a
percentage of the profits. The pleadings in the chancery
suit are set out in the declaration. The bill alleged,
among other things not necessary to mention, that the
accounts between them were long and complicated, and
remained unsettled through the fault of appellee; that
appellee had violated the contract by placing some one
else in charge of the branch business, thereby displacing
him as general manager; that he had put an end to the
contract; that he had collected $4500 for a leasehold
interest for which he was entitled to credit, and had
refused to credit him with the same; that appellee had,

in various matters set out, acted in the utmost bad faith with him.

The alleged libelous matter in the answer is the following: "Denies that he violated the provisions of the contract giving to complainant the sole and exclusive right to act as manager of said Chicago branch, but admits that he discharged the complainant from his employ for good reasons, among other reasons that he collected about $1600 belonging to defendant and appropriated the same to his own use without the consent or knowledge of defendant; denies that the accounts between complainant and defendant are long and complicated or much involved in any way, but states the accounts for the year 1892 were fully and satisfactorily settled in the month of February, 1893, between the defendant and complainant in Milwaukee, and that since that time, until the discovery by the defendant of the embezzlement by complainant of a large sum of money, there never has been any pretense by complainant that the accounts were unsettled in any way; denies any sum will be found due Ash on an accounting, but alleges there will be found to be due a large sum of money, being the money collected by the complainant belonging to defendant while he was acting as agent of the defendant, and appropriated to his own use by complainant without the consent or knowledge of defendant, to the amount of, to-wit, $1600."

The declaration alleges that the defamatory matter contained in the answer was wholly irrelevant and impertinent to the matter in controversy, and was inserted in the answer and written and published maliciously and without probable cause, and that it was wholly false, etc. The trial court sustained the demurrer to the declaration. Its judgment has been affirmed by the Appellate Court.

McMurdy & Job, for appellant:

In communications in the course of judicial proceedings, relevancy or pertinency to the subject matter of the

inquiry is indispensable to this privilege.  In Cooley on
Torts (p. 213) the author says:  "The privilege must be
restrained by some limit, and we consider the limit to be
this: that a party or counsel shall not avail himself of
his situation to gratify private malice by uttering slan-
derous expressions which have no relation to the cause
or subject matter of the inquiry."  See, also, Borthwick
on Libel, 215;  *Aylesworth* v. *St. John*, 25 Hun, 158;  *Lawson*
v. *Hicks*, 38 Ala. 279;  *Hoar* v. *Wood*, 3 Metc. 197;  *Mower* v.
*Watson*, 11 Vt. 541;  *Smith* v. *Howard*, 28 Iowa, 56;  *Moore* v.
*Bank*, 123 N. Y. 420;  *Wyatt* v. *Buell*, 47 Cal. 624;  *McLaughlin*
v. *Cowley*, 127 Mass. 316;  *Doda* v. *Piper*, 41 Hun, 254;  *Warner*
v. *Paine*, 2 Sandf. 195;  *Gilbert* v. *People*, 1 Denio, 41.

JOHN C. PATTERSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The question in this case is, was the alleged libelous
matter contained in appellee's answer privileged?  Appel-
lant contends that it was irrelevant and impertinent, and
therefore not privileged,—that the privilege is not abso-
lute.  Appellee contends, first, that it was relevant and
pertinent to the matter in controversy, and was privi-
leged; and second, that as the alleged defamatory matter
is contained in a pleading in a cause filed in due course
of a judicial proceeding in a court of competent jurisdic-
tion, the privilege is absolute, whether the matter was
pertinent or not.

Whether or not a party would be liable, in an action
for libel, who injects into a pleading defamatory language
having no bearing on but wholly irrelevant to the ques-
tions in litigation, and which, if published elsewhere,
would be libelous, we have no occasion here to decide,
notwithstanding appellant has chiefly addressed his argu-
ment to that question, and has referred us to *McLaughlin*
v. *Cowley*, 127 Mass. 316, and other cases, holding that the
privilege is not absolute and does not cover such a case.

We think it readily appears from a reading of the bill and answer, which are set out in the declaration, that the matter complained of as libelous was not wholly irrelevant and impertinent to the controversy between the parties involved in the judicial proceeding referred to, and that it was privileged.

The demurrer was properly sustained, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*