No. 9395.

COHEN v. THE PEOPLE.

1. JURY—*Drawing.* The clerk having called the sheriff to assist him in drawing a jury, the sheriff, instead of playing the part of an inspector, himself assumed the principal role in the ceremony, thrust his hand into the box, drawing the names therefrom and handing them to the clerk.

The drawing was an open and fair one, and the names of the jurors were drawn by chance. *Held* that the purpose of the statute was substantially accomplished; and counsel for the accused having witnessed the proceeding, and made no objection until the jury were empaneled, his motion to quash the panel was properly denied.

2. CRIMINAL LAW—*Assistant to District Attorney.* The District Court has inherent power to appoint an assistant to the District Attorney.

To constitute error in such appointment an abuse of discretion must affirmatively appear.

That the assistant is not appointed until after the jury were empaneled was made a ground of complaint by the accused, suggesting that by the late appointment he was prevented from interrogating the jury as to their acquaintance with and relationship to the assistant, that he might the more intelligently exercise his right of peremptory challenge. There being no attempt to show that the accused was in fact prejudiced, or even that he had exhausted his right of peremptory challenge, or exercised it in a single instance, the objection to the appointment was overruled.

3. PRACTICE IN ERROR—*Exception—When Necessary.* An exception to the appointment of an assistant to the District Attorney should be taken when such appointment is announced. To defer it until the record is made up waives the objection. Judgment affirmed on the authority of Mulligan against The People No. 9401.

*Error to Adams District Court, Hon. H. S. Class, Judge.*

Mr. O. N. HILTON, Mr. EDGAR MCCOMB, Mr. CAESAR A. ROBERTS, and Mr. LESLIE M. ROBERTS, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, Mr. RALPH E. C. KERWIN, assistant, Hon. VICTOR E. KEYES, Attorney General, and Mr. WM. R. RAMSEY, assistant, for The People.

Mr. Justice Scott delivered the opinion of the court.

THE plaintiff in error was convicted of the robbery of Irene Nolan. He was both charged and convicted as a principal. It was the same transaction involved in the case of *People v. Mulligan,* determined at this term of court.

The indictment was returned by the same grand jury that returned the indictment in that case. The same objections as to irregularity and the same contentions made, that the record did not sufficiently show that the grand jury was sworn.

We have carefully studied the record in this case and find no errors of law occurring upon the trial. The statements of fact in that case are substantially identical with the facts in this case, and the testimony is not materially different, so that a restatement of either would be simply unnecessary repetition.

The judgment is affirmed.

Garrigues, C. J. and Denison, J. concur.

### On Rehearing.

Scott, J.  There were two assignments of error considered but not discussed in the opinion. These were errors on the part of the court in overruling the motion of the defendant to quash the panel of petit jurors, and second, in permitting an attorney to appear as assistant to the District Attorney in the prosecution, at the request of the latter. Counsel have so vigorously urged a consideration of these alleged errors in their briefs on rehearing, that we have concluded to treat of them.

1. The alleged error in the first instance is that jurors ordered by the court to be drawn from the box were not so drawn in conformity with the statute, and that the defendants were prejudiced thereby.

Upon this point, sec. 3680, Rev. Stat. 1908 provides:

"The clerk of the district court shall call to his assistance the sheriff of the county, and in the presence of the sheriff draw by chance from the compartment of the said box in which the names have been placed, a sufficient number of grand and petit jurors."

The facts appearing in this case from statements of counsel for defendants at the time, and from an affidavit of one of them, are:  That the clerk called the sheriff to his assistance, but that the sheriff reached his hand in the box and took out the slips, one at a time, and handed each to the clerk, who wrote down the name appearing on each slip; that two of defendant's counsel were present all the time and observed the drawing.  It is not suggested that the slips were not drawn by chance as the law provides, or that the drawing was not in any sense an open and fair one, as contemplated by the statute.  The only criticism is that it was the sheriff's hand and not that of the clerk that drew the ballots from the box.

It is true that it is the duty of an officer to follow the requirements of the statute as the language seems to indicate, and that in this case the clerk should have drawn the slips with his own hand.  But the drawing was by and in the presence of the two officers designated by the statute, and in addition to such requirement, the drawing was in the presence of two of defendant's counsel, who witnessed the drawing, and neither of them offer any criticism save and alone that the slips were drawn by one of the two officers lawfully designated and required to be present, instead of by the other.

The plain purpose of the statute is that the drawing of the names must be by chance, and that this must be witnessed by two officials named in the statute.  In this instance, in the absence of any other suggested irregularity, this purpose was substantially accomplished.

It is true that in some states principally dependent upon statute, very strict technicality is observed in such matters, but we think that the just and true rule is as stated in 12 Enc. P. & P. 277:

"But notwithstanding these decisions the great weight of authority is to the effect that the mere fact that officers entrusted with the several duties prescribed failed to conform precisely to such requirements will not invalidate their action, unless it appears, or may be reasonably inferred from the circumstances, that the complaining party has been prejudiced, or that injury has been sustained by reason of neglect or omissions charged. In brief, courts will not sanction a palpable disregard of essential statutory provisions nor overlook material departures therefrom, but if there is a substantial compliance with the statutes, mere irregularities in the procedure, or mere informalities on the part of the officers charged with the selection and drawing, will be deemed unimportant."

This seems to be the view of this court. *Giano v. People,* 30 Colo. 20, 69 Pac. 504, where it was held that this provision of the statute was directory.

Indeed, the practice in this state has been to deal broadly with matters such as this and to take little heed of mere technicalities in the matter of the selection and qualification of jurors, where it does not appear that some substantial right has been denied. *Imboden v. People,* 40 Colo. 142, 90 Pac. 608. It does not appear in this case that the defendant was in any way prejudiced by the ruling of the court in denying the motion to quash the panel. The record discloses that counsel for defendant were present at all times and witnessed the drawing of names of the jurors and made no protest, objection or suggestion as to any irregularity in the method of drawing the names, but waited until the jury was empaneled, and then only moved to quash the panel. If it was a substantial error, they had the opportunity and it was within their power to have prevented it at the time, rather than to have acquiesced by their silence in what they now contend was a prejudicial error against their client.

If it was such error, they so consented, if not contributed to it, in violation of their duty to their client. It is clear that counsel knowingly permitted the irregularity. The overruling of defendant's motion was not error.

2. On the question of alleged error of the court in permitting or appointing an assistant prosecutor for the conduct of the trial, it has been held in this jurisdiction, and appears to be the general rule, in the absence of statute to the contrary, that the District Court has inherent power, in the exercise of a proper discretion to appoint counsel to assist the District Attorney in the prosecution of criminal cases, subject to review in the appellate court for the abuse of such discretion. *Board of County Commissioners v. Crump,* 18 Colo. App. 59, 70 Pac. 159.

The question is then, did the court abuse its discretion in the present case?

It appears that the District Attorney was at all times present and in control of the prosecution, and that the assistant selected was in fact an assistant, who did not assume control of the case in any of its phases.

In the discussion of the matter at the time, the District Attorney in open court said:

"I want it to be understood now that Mr. Sullivan is not the private counsel of any person, having any interest in this case, so far as I know, or any of the persons interested in the prosecution of this case, or knew anything about it until I had announced it in court."

This was not controverted, and it must be assumed that the assistant represented only the District Attorney in his public capacity, by and with the authority of the court. The objection urged here is that the assistant was selected after the trial was commenced, and that for such reason the defendant was necessarily prejudiced thereby. The argument is that the defendant was for this reason not permitted to question the jury as to their acquaintance and relationship with the assistant, to the end that he might thereby be the better enabled to exercise his right of peremptory challenge. There is no attempt to show that the defendant was in fact so prejudiced, but that he may have been. Neither does it appear that the defendant did exercise all or even any of the peremptory challenges permitted by the statute.

The record discloses the following proceedings in relation to the matter:

"AND THEREAFTER, and on, to-wit, the 14th day of March, A. D. 1918, all the parties being present in court, with eleven men in the jury box, the polling of the jury was continued until the jury was accepted. Whereupon, the jury was sworn to try the case, and after the opening statement by the District Attorney, evidence for the people was taken.

It appearing to the court that an assistant to the District Attorney was necessary and proper to be appointed to assist in the trial of the above entitled cause, and the District Attorney requesting that an assistant be appointed by the court in this cause, and the court finding that an assistant was necessary in this cause, it was ordered that James J. Sullivan, Esq., be appointed as assistant attorney to the District Attorney in the trial of the above entitled cause."

There was no objection or exception taken at the time, but later and after the arrival of the assistant attorney, and after further testimony had been taken, counsel for defendant suggested to the court that the appearance of the assistant be entered of record, and then objected to such appearance. The suggestion by the District Attorney of the appointment of the assistant and the concurrence of the court, constituted an appointment, and it was not necessary that the matter be entered as a matter of record. *People v. Walters*, 98 Calif. 138, 32 Pac. 864. The defendant therefore waived his right to except even if there was ground therefor.

The defendant at no time after the appointment of the assistant requested permission to re-examine the jury, nor does it appear that he would have exercised his right of peremptory challenge differently had he known of the appointment before the jury was empaneled.

The case of *State v. Cobley*, 128 Iowa 114, 103 N. W. 99, presents a state of facts precisely like the one in the case here. The jury had been sworn and testimony had been taken when the prosecuting attorney suggested the ap-

pointment of an assistant, which was ordered, and objection offered upon the same grounds as in this case. The court said:

"There is nothing in the statute prescribing the time within which, or the stage of the trial preceding which the county attorney must exercise the right given him. Nor do we think such a requirement can be said to exist in abstract reason. Quite to the contrary, it may happen, and, for that matter, does frequently happen that some matter of necessity arises during the trial of a criminal case which requires the appearance of an assistant attorney to prevent the annoyance, hazard, and expense incident to a discharge of the jury, and a new trial, or perhaps an entire failure of justice. It is not within reason to say, that, upon the mere happening of such an emergency, prejudice to the defendant may be presumed from the maknig of an appointment. It is true that in such cases a defendant, if advised in advance, might have differently exercised his peremptory challenges, but it is for him to make this appear to the court. It is for him to show prejudice where prejudice may not be presumed. Thus had he pointed out, in making his objection, or in his motion for new trial, that the relation between some one of the jurors and the attorney appearing was such that, in his (defendant's) discretion the juror would have been excused on peremptory challenge, the court might well refuse to make the appointment in the first instance, or possibly should grant a new trial after verdict. And an abuse of discretion on the part of the court might be taken by us as reversible error. Accepting such to be a proper view, it is manifest to our minds that a new trial should not be granted because of the chance or possibility, unsupported by even a bare assertion, that defendant might have desired to exercise a challenge, had the opportunity been given him."

Abuse of discretion by the court must affirmatively appear to constitute error in such a case. *State v. Elswood,* 15 Wash. 453, 46 Pac. 727; *State v. Hoshor,* 26 Wash. 643,

67 Pac. 386; *State v. Biggs,* 45 Mont. 400, 123 Pac. 310. There is no prejudicial error appearing in the appointment of an assistant to the District Attorney in this case.

Rehearing denied.

*Department Two.*