No. 11,881.

GLASSON *v.* BOWEN.

Decided May 21, 1928.

Mr. A. L. TAYLOR, Mr. T. LEE WITCHER, Mr. O. P. RAY, for plaintiff in error.

Mr. S. HARRISON WHITE, Mr. JAMES T. LOCKE, for defendant in error.

*En banc.*

MR. JUSTICE WALKER delivered the opinion of the court.

THIS was an action of libel by plaintiff in error against defendant in error. The trial court gave judgment for

the defendant on the pleadings, upon the ground that the publication alleged to be libelous was made in the course of a judicial proceeding, and was pertinent thereto, and therefore absolutely privileged.

The matter complained of by the plaintiff appeared in an affidavit which was made by the defendant to support an application for change of venue by Thomas J. Tynan, who was the accused in a criminal cause pending in the district court of Fremont county. Plaintiff was sheriff of that county at that time. The petition for change of venue was filed under sections 6600 and 6601, C. L. 1921, which provide for such change where the inhabitants of the county are so prejudiced against the defendant in a criminal cause that he cannot have a fair and impartial trial in such county. The affidavit made by the defendant in this case closely followed many of the allegations of Tynan's petition, setting forth in detail the grounds upon which the affiant believed that such prejudice existed as to prevent Tynan from having a fair trial in Fremont county. Substantially, the petition and affidavit show that Tynan was the object of bitter hostility on the part of the order known as the Ku Klux Klan, which enrolled in its membership more than one-half of the adult male population of Fremont county; that that organization was wholly responsible for the filing of the criminal charges against Tynan; that any member of the Klan who might be called to serve upon the jury would be so prejudiced against Tynan that he would certainly vote to convict him; that the leaders of the Klan in that county would be able to and would control by instruction the verdicts of such members of the order as might be on the jury; and that 60 per cent of the jury list, and two-thirds of the jury panel drawn for the pending term of the district court were Klansmen. The affidavit contained the following statement which is the basis of this action of libel: "That it (meaning the Klan) has attempted to obtain control of the political offices in said county, and in the campaign of 1924, elected of its membership to

divers offices in said county, who still hold the assessor's office, the office of county superintendent of schools, sheriff's office, county clerk, and two members of the board of county commissioners, all of whom, and particularly the sheriff and county commissioners, are active in placing names of members of the Klan in the jury box and getting Klansmen on the jury.''

The complaint herein alleges that by this language the defendant, ''falsely and maliciously charged plaintiff of using his office dishonestly and to pack the jury panel of said county in violation of law.''

That matter published in due course of judicial proceedings and pertinent thereto is within the protection of an absolute privilege is now well settled law in the United States. 36 C. J. 1250, and numerous cases from many jurisdictions there cited. This extends to affidavits, although voluntarily made (*Hyde v. McCabe,* 100 Mo. 412, 13 S. W. 875; *Bailey v. Dodge,* 28 Kan. 72; *Bailey v. Dean,* 5 Barb. (N. Y.) 297; *Beggs v. McCrea,* 70 N. Y. S. 864; *Hart v. Baxter,* 47 Mich. 198, 10 N. W. 198); to statements referring to persons not parties to the proceedings (*Jones v. Brownlee,* 161 Mo. 258, 61 S. W. 795; 53 L. R. A. 445; 36 C. J. 1253). Plaintiff in error says however that as the sheriff could not in his official capacity place any names in the jury box, under the provisions of our statutes, which vest that power in the clerk of the district court, the statement that he did so was inherently false and therefore could not be pertinent to the judicial inquiry. We do not think that the statement is liable to this construction. The affiant does not swear that the sheriff officially placed the names in the box, and that he did not mean so to imply is evident from his having stated that the assessor, county superintendent and county clerk, to whose offices it could not possibly be supposed that such duty was annexed, had, along with the sheriff, been active in placing the names in the box. Besides, in view of the decision in *Cohen v. People,* 68 Colo. 10, 189 Pac. 13, where it was held that the drawing of the names from

the box to make up the jury panel, by the hand of the sheriff instead of by the hand of the clerk, was no substantial departure from our statute, it might well be doubted that it can be said as a matter of law that the sheriff has no official part in placing the names in the box, as the placing of the names of the panel when drawn, in the compartment of the box devoted to that purpose, is a part of the process which it was thus held the sheriff might participate in.

Under the statute the sheriff has the key to the box, and when the panel is drawn he is present to assist the clerk in drawing the names. Sections 5839, 5841, 5842, C. L. 1921. If the language used by the defendant in his affidavit is susceptible at all of the libelous construction imputed to it by the complaint, it must be either because it is to be understood as charging that the sheriff used his influence with the clerk, or that he took advantage of the opportunities afforded him by his official access to the box and connection with the process of drawing the names, to personally place the names in the box. Under either of these interpretations, we cannot say that the matter was impertinent on the application for change of venue. That strict legal materiality or relevancy is not required to confer the privilege, is apparent from the following authorities: 36 C. J. 1251; *McLaughlin v. Cowley,* 127 Mass. 316; *Myers v. Hodges,* 53 Fla. 197, 44 So. 357; *Hoar v. Wood,* 3 Met. (Mass.) 193; *Maulsby v. Reifsnider,* 69 Md. 143, 14 Atl. 505; *Ash v. Zwietusch,* 159 Ill. 455, 42 N. E. 854; *Moore v. M. N. Bank,* 123 N. Y. 420, 25 N. E. 1048, 11 L. R. A. 753; *Union Mut. Life Ins. Co. v. Thomas,* 83 Fed. 803. In *Hoar v. Wood, supra,* Chief Justice Shaw stated the rule as follows: "This privilege must be restrained by some limit; and we consider that limit to be this; that a party or counsel shall not avail himself of his situation, to gratify private malice by uttering slanderous expressions, either against a party, witness or third person, which have no relation to the cause or subject matter of the inquiry."

In *Myers v. Hodges, supra,* it is said that the publication must not be of matter which is "absolutely outside of and having no connection with the matter of inquiry."

In the case at bar, the affiant was entitled to state the grounds of his belief that Tynan would not receive a fair trial by reason of the prejudice of the inhabitants. *Mullin v. People,* 15 Colo. 437, 24 Pac. 880, 9 L. R. A. 566; 16 C. J. 212. It is true that what he said regarding the activities of the sheriff in relation to the jury panel would have been more directly pertinent upon a motion to disqualify the sheriff, or to quash the panel or the jury list. In our opinion however, the statement made was not so foreign to the subject under consideration by the court, including the degree and extent of the alleged prejudice, its sources, whether influential or otherwise, and the probability that it would be reflected in the jury box, as to destroy the absolute privilege which should attach to statements made in the course of judicial proceedings. For a case where the sheriff's activities were deemed material on application for change of venue, see *State v. Greer,* 22 W. Va. 800.

The judgment is affirmed.