No. 18,825.

James E. Renner *v.* J. Emery Chilton.
(351 P. [2d] 277)

Decided April 18, 1960.

Mr. James E. Renner, *pro se,* Mr. William J. Chisholm, for plaintiff in error.

Mr. J. Emery Chilton, *pro se,* Mr. J. Nelson Truitt, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Sutton.

The parties are here in the same order as they appeared in the trial court. Both litigants are attorneys at law.

The grievances, which form the basis of the action, have arisen as a direct result of personal conflicts between the parties which occurred while they were representing the interests of their respective clients. ·

Renner filed his complaint in May of 1958, alleging seven "causes of action." Chilton then filed a motion to dismiss, stating as grounds therefor that none of the allegations stated a claim upon which relief could be granted. This motion was granted by the trial court, whereupon Renner made an oral motion to amend his complaint, which motion was denied.

We do not deem it either desirable or propitious to set forth, in detail or substance, the charges contained in the seven "causes of action." All allegations in the complaint are based upon the alleged falsity of various statements made orally or in writing by Chilton concerning Renner. The trial court, in dismissing the complaint, stated:

"To comment on the ruling, the Court at this time makes the observation that the entire complaint seems to be based upon judicial acts or semi-judicial proceedings which have taken place. * * *."

■  An analysis of the pleadings indicates that this is a correct statement. Such being the case, all matters complained of were within the protection of an absolute privilege. See *Glasson v. Bowen* (1928), 84 Colo. 57, 267 Pac. 1066. As such they could provide no basis upon which relief could be granted and the trial court properly sustained defendant's motion to dismiss the complaint.

■  One other question remains. Renner urges that the court erred in overruling his motion to amend his complaint following the order sustaining the motion to dismiss, asserting that he was entitled to one such amendment as a matter of right under the provisions of Rule 15 (a), R.C.P. Colo. This rule provides in pertinent part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is filed."

No proposed amendment is included in the record before us. The language of the rule is, however, clear and unequivocal. It expressly allows one amendment as a matter of right before the answer or reply is filed or within the twenty day period, whichever is applicable. No exceptions are provided.

The judgment is reversed with directions to permit Renner to amend his complaint as he may be advised.

MR. JUSTICE KNAUSS and MR. JUSTICE HALL concur.