No. 20,188.

Wayne L. Knight, et al., *v.* Clyde N. Cantrell, et al.

(390 P. [2d] 948)

Decided April 6, 1964.

Messrs. FEDER, MORRIS and FEDER, for plaintiffs in error.

Messrs. CRANSTON and ARTHUR, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in reverse order to their appearance in the trial court. We refer to them as they appeared in the trial court, as plaintiffs and defendants, or by name.

Cantrells commenced this action March 14, 1958. In their complaint they allege that on June 11, 1955, they entered into a written contract with Knights providing for the purchase and sale of residence property then owned by Knights and known as 3920 Holland Street, Jefferson County, Colorado.

They further allege that Knights, in order to induce

them to enter into the agreement to purchase, represented that the building had been:

"* * * erected and constructed by defendants and that the erection and construction thereof were in all respects in accordance with the usage, manner and custom known and used in good building and complied with all applicable laws, building codes and regulations and that said building was in all respects and particulars constructed of materials fit to be used in good building."

They further allege that this representation was false and fraudulent and by defendants well-known and understood so to be, in that:

"* * * the building foundation wall was not placed on a footing but was instead rested upon fill material consisting in part of old bricks and debris; * * *.

'4. That at the time plaintiffs made and executed said written agreement and that at the time plaintiffs performed the same, defendants knew and well understood the fact that the building and the foundation walls therein were improperly erected as described herein."

They further allege that the building settled and cracked and that they paid $1500.00 to cure the defects and they seek actual damages for double that amount, $3000.00, and exemplary damages of $2000.00.

The defendants for answer alleged that the complaint does not state a claim, denied generally the allegations of the complaint and set forth several affirmative defenses.

Briefly, the evidence shows that Clyde N. Cantrell was, and for over ten years had been, a licensed real estate broker, had himself built many homes and some apartments, and had had a wide experience in selling real estate and constructing buildings in and around Denver and the area where the home in question is located. He and his wife had observed, to a limited extent, the construction work as it progressed on the property involved, and before entering into the contract

to purchase had made a thorough examination of the property.

The defendants were in the business of designing and building homes for sale and were thoroughly familiar with building code requirements, materials, proper construction and property values.

About one year after the plaintiffs had moved into the home, they discovered some cracks developing in one corner of the structure; they called the defendants, and Mr. Knight went to the home and he and the plaintiffs looked at the cracks, and it was mutually agreed nothing should then be done other than to wait and see if they got worse. They did get worse and some six months later plaintiffs again called the defendants who then refused to look at the property or to do anything by way of curing the alleged defects or compensating plaintiffs therefor.

In February 1957 plaintiffs obtained advice from Meredith Drilling Co., Inc., as to what should be done to remedy the defects.

Mr. Cantrell testified that at that time it had been discovered that for a short distance there was no footing under the foundation, at which point the foundation rested on brick, debris and fill, and that the cracks which had appeared on the inside and outside of the house were in the area where there was no footing and were caused by settling because of lack of footing.

In accordance with the advice obtained, plaintiffs had caissons placed all around the house and had the damaged portions repaired or replaced, took steps designed to make sure that the house would rest on a stable base and did those things by them deemed to be necessary to put it in the condition it would have been in had it been built on a stable base without settling.

Trial was to the court. On November 13, 1961, the trial court made findings and entered judgment in favor of plaintiffs and against defendants for the sum of $1265.78.

Defendants seek reversal and urge as grounds therefor:

"II. As a matter of law, Plaintiffs failed to establish the fraud and deceit of Defendants.

"III. The FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT of the trial court are grounded in negligence.

"IV. Liability for negligence of omission or commission has no application in a case based on fraud."

■ Plaintiffs' complaint bears the label "COMPLAINT Fraud." Clearly it is predicated on fraud and nothing else. It charges the defendants with having procured the contract of purchase from the plaintiffs by "fraud and deceit."

The *only evidence in the record* of representations made is found in the following testimony of Mr. Cantrell. He testified that at the time of the preparation and signing of the purchase and sale agreement, "Mr. Knight" (1) "told me I was getting a good house and at a reasonable price"; (2) "stated that I was getting a good house and it was well-built"; (3) "stated that it was a good-constructed house, and that it was a well-built house."

There is nothing in the record to prove or even intimate that either of the defendants ever had any knowledge of the fact, if it be a fact, or reason to believe that the footings were not proper. On the contrary, Mr. Knight testified that all footings were properly laid and in conformity with plans submitted to the Building Department of Jefferson County, which had issued to him a building permit; that all construction was done in strict conformity with the department's building code, and that he kept the Building Department posted as to progress made. Inspections were made by the department as the work progressed and certificates were issued by the Building Department of Jefferson County and introduced in evidence, indicating:

"Footing OK 4/9/54."

"W.P. [waterproofing] OK 4/21/54."

"Framing OK 6/11/54."

"Everything OK at this address now 6/11/54."

In its FINDINGS OF FACT the trial court, among other things, stated:

" * * * The evidence discloses * * * that in at least two places the foundation had cracked, and the footings had cracked in at least one place.

"The uncontradicted evidence shows that the structure cracked * * * .

\* \* \*

"The evidence is conflicting as to whether or not there were proper footings * * * .

"There is no dispute that * * * Knight, represented that the house was a good house and well-constructed.

\* \* \*

" * * * From the undisputed evidence certainly there was a defect somewhere and a cause therefor, otherwise the house would not have cracked; and the question for the Court to determine is whether or not that was the fault of the plaintiffs or the defendants.

" * * * It is further apparent that a builder knew or should have known that particular precautions should have been taken in laying the footings, that is to say they probably should have been larger than required by the building code than what was placed at that particular point.

\* \* \*

"Considerable evidence was introduced by the plaintiffs as to the costs * * * for repairing and underpinning the north end of said house, but the Court is of the opinion that not all of the claims made by the plaintiffs were necessarily the result of the repairs made. The Court is of the opinion that the following claims of the plaintiffs have been proven, but that only a part thereof was necessary, and the Court fixes those sums as fol-

lows: [Various items and amounts listed, totalling $1265.78.]

\* \* \*

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED That the plaintiffs have judgment \* \* \* in the sum of $1,265.78 and for their costs."

■ In 23 Am. Jur. 773, Fraud and Deceit, § 20, we find a general rule governing actions in fraud or deceit. There it is stated:

"The essential elements required to sustain an action for deceit are, generally speaking, that a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage."

■ Though the complaint in this case may charge actionable fraud, the evidence does not establish the allegations of the complaint and is insufficient to establish fraud in that there was no proof of any representation of an existing fact. The trial court did not find facts to sustain any one of the necessary elements of an action in fraud.

■ Here, both buyer and seller were well qualified to determine the value of houses. Each had wide knowledge and experience in building and selling homes. Each observed the construction work and each had examined the completed structure, each no doubt had, and was entitled to entertain, an opinion as to whether the house was good or well constructed. Their opinions might have been at great variance.

■ The statement that "it is a good house" is not, under the circumstances here outlined, a statement of fact — at most it is opinion not susceptible of proof either as, or as not, a fact.

Under the circumstances here presented, we conclude that the alleged misrepresentations were expressions of

opinion only, and not statements of fact upon which the plaintiffs were induced to purchase the property.

In *Moore v. Carrick,* 26 Colo. App. 97, 140 Pac. 485, it is stated:

" * * * Moore's representation that the stock was good, is, under all the authorities, an expression of opinion only; * * * ."

In *Kimber v. Young,* 137 Fed. 744, it is said:

"The statement of the defendant that the bonds offered to the plaintiff were first-class securities, that he knew them to be good, and knew that they would be paid, principal and interest, at maturity, was a mere expression of his judgment or opinion as to their value, and a prophecy as to the financial prosperity of his company. It is true that the words of the defendant were positive and emphatic, but, after all, they were only expressions of his belief. * * * ."

█ Another fatal defect in plaintiffs' case is a complete absence of proof that the defendants knew the alleged representation of "well built" was false. The only claim that the house was not "well built" was the alleged lack of a proper footing.

Defendant testified that his plans and the building code called for proper footings; that he saw proper forms installed for pouring the footings, and proper footings placed under all of the foundations. He further testified that before proceeding with the foundations it was necessary to have a certificate from the building inspector that the footings were proper, that such a certificate was obtained and the building completed with a final certificate which stated, "everything OK at this address now." The plaintiffs offered no evidence to show that Knight knew the statements to be false or made with the intent to deceive the plaintiffs; the foregoing is the only evidence with reference to Knight's knowledge. Such evidence could not support a finding that the defendants knew such statements to be false. All of the evidence is to the contrary.

■ Here the parties were equally well qualified to determine whether the house was good, well constructed and reasonably priced. They dealt at arm's length and there is nothing in the record to indicate that any representations were made to induce the purchase or that plaintiffs were in any manner influenced by anything said by Knight or anyone else.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.