**Barbara Kathryn STUART, Plaintiff–Appellant,**

v.

**The FREDERICK R. ROSS INVESTMENT COMPANY, a Colorado corporation; Jack Worfler; William F. Beattie; John Winsted; Chris Saros; David H. Naus; Bradley K. Brown; Evan Kline; John Tromley; Alan Johnston; Robert Inman; Mike Spriggs; Richard Sampson; Heath Herber; John P. Box; and John Does 1 through 20 whose true names are unknown, Defendants–Appellees.**

No. 87CA1099.

Colorado Court of Appeals, Div. VI.

Dec. 22, 1988.

Rehearing Denied Jan. 26, 1989.

Certiorari Denied June 5, 1989.

Kidneigh & Kaufman, P.C., Jon F. Kidneigh, Stephen C. Kaufman, Brian K. Hugen, Denver, for plaintiff-appellant.

Rothgerber, Appel, Powers & Johnson, Richard K. Clark, Angelina Irizarry, Elizabeth T. Wald, Denver, for defendants-appellees The Frederick R. Ross Inv. Co., William F. Beattie, Alan Johnston, Robert Inman, Heath Herber and John P. Box.

Pryor, Carney and Johnson, P.C., JoAnne M. Zboyan, Englewood, for defendants-appellees Jack Worfler, John Winsted, Chris Saros, David H. Naus, Bradley K. Brown, Evan Kline, John Tromley, Mike Spriggs and Richard Sampson.

**HARDEMAN, Judge.**[*]

Barbara Kathryn Stuart (plaintiff) appeals the trial court's dismissal of her complaint for lack of subject matter jurisdiction and the court's ruling prohibiting her from amending her complaint. We reverse.

Plaintiff's verified complaint alleged that the individual defendants (except Sebastion) were co-employees of hers and that one or more of them assaulted her during a company retreat held in Vail. To support a claim of vicarious liability against her former employer, Frederick R. Ross Investment Co., plaintiff alleged that each co-employee was acting in the scope of his employment. Plaintiff also alleged, among other things, that the employer was negligent in hiring and supervising the co-employee defendants and that the employer wrongfully discharged her.

Motions to dismiss were filed by defendants alleging that the court lacked subject matter jurisdiction because if the individual defendants were acting in the scope of their employments, the Colorado Workmen's Compensation Act, § 8–40–101, et seq., C.R.S. (1986 Repl.Vol. 3B) (Act), provided the exclusive remedy for plaintiff's injuries.

The trial court agreed and dismissed all claims except the claim for wrongful discharge and the claims against defendant Sebastian who was not alleged to be a co-employee.

Thereafter, plaintiff filed an amended complaint alleging that the complained of acts occurred outside the scope of the defendants' employments. The vicarious liability claims were deleted. However, the amended complaint was stricken by the court based on the finding that plaintiff could not plead inconsistently with the allegations of the first complaint. These judgments were certified as final pursuant to C.R.C.P. 54(b).

Plaintiff contends that the court erred in dismissing her complaint. We agree.

■ Concerning the employer's liability, it makes no difference whether the alleged acts occurred in the scope of the co-employee *defendants'* employments. For purposes of the application of the Act, the dispositive factor is whether plaintiff's injuries arose out of and in the course of *her* employment. *See* § 8–52–102(1)(b), C.R.S. (1986 Repl.Vol. 3B). As we see it, the issue of *defendants'* scope of employment, at this stage, relates only to the allegation of vicarious liability.

■ Plaintiff's complaint did not allege that she was in the scope of her employment. Moreover, since no evidence has been taken, we cannot ascertain as a matter of law that plaintiff was injured in the scope of her employment. Therefore, we hold that the complaint was sufficient to withstand the motions to dismiss.

The same analysis applies to the claims against the co-employees. It is the status of plaintiff's employment at the time of her injuries, and not of the defendants, which determines the applicability of the Act. *Kandt v. Evans*, 645 P.2d 1300 (Colo.1982), which held that similar claims were properly dismissed, is distinguishable because there, the plaintiff admitted that she was injured in the scope of her employment (and in fact, had received workmen's compensation benefits). Here, since there was no such admission, the complaint should not have been dismissed.

■ Plaintiff's argument that the Act does not apply to these facts because her injuries are primarily "non-physical" in nature is without merit. The Act has been consistently applied to mental and emotional injuries. *See* § 8–52–102(2), C.R.S. (1986 Repl.Vol. 3B); *City of Boulder v. Streeb*, 706 P.2d 786 (Colo.1985); *Ft. Logan Men-*

---

[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

*tal Health Center v. Walker,* 723 P.2d 740 (Colo.App.1986).

██ Should it be determined that plaintiff *was* within the scope of her employment, or should plaintiff concede this point, the vicarious liability and negligence claims against the employer must be dismissed. *See Kandt v. Evans, supra.* However, we hold that in this event, plaintiff should be permitted to amend her complaint to allege that the co-employees were not acting in the scope of their employments. A civil action based on this theory is maintainable pursuant to *Kandt v. Evans, supra.*

At the time the amended complaint was filed, no responsive pleadings had been filed; therefore plaintiff was entitled to amend her complaint as a matter of right. *See* C.R.C.P. 15(a); *Renner v. Chilton,* 142 Colo. 454, 351 P.2d 277 (1960). Even if no such right existed, the court should have permitted her to do so where, as in this case, justice so requires.

██ We reject defendants' contention that claims dismissed for lack of subject matter jurisdiction cannot be amended as a matter of law and as a matter of public policy. There are *no* exceptions to the rule permitting amendments where no responsive pleadings have been filed. *Renner v. Chilton, supra.* Moreover, we have specifically held that a defect in allegations conferring subject matter jurisdiction can be cured by amendment. *Francisco v. Cascade Investment Co.,* 29 Colo.App. 516, 486 P.2d 447 (1971). If, as defendants allege, plaintiff's amendment is an unwarranted attempt to "create" jurisdiction where it clearly does not exist, an adequate remedy is provided by § 13–17–101, C.R.S. (1986 Repl.Vol. 6A).

██ Defendants argue that an amendment should not be permitted because too much time has now passed leaving witnesses lost or their memories faded, and evidence destroyed. This contention is wholly unsupported by the record. Only if an opposing party can *demonstrate* prejudice to it or if the court itself is prejudiced is the denial of a motion to amend appropriate. *K–R Funds, Inc. v. Fox,* 640 P.2d 257 (Colo.App.1981). The mere passage of time, without more, is an insufficient reason on behalf of the court or opposing parties, to justify precluding plaintiff from pursuing her claims. Defendants' remaining allegations of prejudice are similarly without merit.

██ We also find no significance in the fact that plaintiff's complaint was "verified." A verified complaint means only that the pleader swears that the facts alleged therein are true. *See Speed v. Charles Lyon Co.,* 69 S.W.2d 147 (Tex.Civ. App.1934). However, the issue of scope of employment is one of the ultimate legal questions to be decided, and plaintiff cannot "verify" this issue as fact. Therefore, we conclude that plaintiff should not be bound. *Cf. Skeens v. Kroh,* 30 Colo.App. 88, 489 P.2d 347 (1971).

The other arguments of defendants, including waiver and request for attorney fees, are without merit.

The judgment of dismissal is reversed and the trial court is ordered to reinstate plaintiff's complaint. If she desires, plaintiff's may amend the complaint in accordance with the views expressed herein.

ENOCH, J.* and HODGES, Justice,* concur.