No. 19,628.

HARRY EDWIN WISTRAND, ET AL. *v.*
THE LEACH REALTY COMPANY.
(364 P. [2d] 396)

Decided August 28, 1961.

Mr. JACK JENKINS, for plaintiffs in error.

Messrs. PETERSEN AND EVENSEN, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in reverse order of their appearance in the trial court. We refer to them by name.

The facts are not in dispute. The record shows that in 1956 one Evans engaged Leach to find a buyer for his home. Through the efforts of Leach, Evans and Wistrands entered into a contract called "Receipt and Terms of Purchase." Pursuant thereto the sale of Evans' home to Wistrands for $17,500.00 was consummated.

On completion of the sale in Leach's office Leach prepared and handed to Evans and Wistrands a settlement sheet showing in detail the various items of expense in connection with the sale and the amounts to be paid and received by each. Settlement was made in conformity with the statement.

About one month after the settlement Leach discovered that it had neglected to show on the statement items properly chargeable to Wistrands in the sum of $482.31 and that Wistrands had been overpaid or erroneously credited with this amount.

On discovery of this mistake, Leach sent a corrected statement to Wistrands and requested reimbursement. Wistrands ignored this request, whereupon Leach, on July 25, 1957, commenced an action in the County Court against Wistrands seeking to recover said sum of $482.31 alleged to be due on a contract.

A motion of Wistrands challenging the jurisdiction of the County Court because the complaint failed to state that the claim of Leach did not exceed $2000.00 was sustained. Leach amended its complaint by adding thereto a proper allegation showing the amount involved to be less than $2000.00.

Wistrands then filed a motion to dismiss the complaint for the reason that it did not state a claim on which relief could be granted in that Leach sought to recover on contract and the only contract relied upon was the con-

tract between Evans and Wistrands and to which contract Leach was not a party or in privity with either party to said contract. This motion was sustained and an order entered dismissing the action *without prejudice.*

A few days after this dismissal Leach commenced a new action in the same County Court. In its complaint it sought to recoup its loss on the theory of unjust enrichment. To this complaint Wistrands filed an answer wherein it is set forth: (1) Leach's complaint does not state a claim for which the law provides a remedy; (2) res judicata — in that Leach's claim has been adjudicated adversely to it by reason of the dismissal without prejudice of the previous case involving the same parties and the same subject matter.

The case was tried to the court and judgment entered in favor of Leach for $347.18, being the amount demanded by Leach less $135.13, being the amount of unearned insurance premium due Wistrands on cancellation of an insurance policy which had been procured for Wistrands and the premium therefor billed to Wistrands on the corrected statement.

Wistrands are here by writ of error and urge as grounds for reversal that:

(1) Dismissal of the preceding action constitutes a complete defense to this action.

(2) Leach cannot recover from Wistrands money mistakenly paid out since there was no contract so providing.

■ We find no merit in the plea of res judicata. On dismissal of the original action Leach could have (1) amended its complaint, (2) stood on its complaint and appealed, (3) accepted a dismissal without prejudice or (4) had its rights finally adjudicated by a dismissal with prejudice and failure to appeal.

R.C.P. Colo. 41 (b) (1), among other things, provides:

" * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any

dismissal not provided for in this rule * * * operates as an adjudication upon the merits."

Here the order of dismissal expressly specifies that it is without prejudice. To now urge that the dismissal prejudiced Leach's right to have his claim adjudicated does violence to the rule and the court's order. It is difficult to see how the court could have better assured Leach that he could again go to court and have his claim adjudicated on the merits.

With reference to Wistrands' second ground of error — we find counsel still insisting that there is no privity of contract. Leach concedes this, but insists that it is entitled to recoup on the doctrine of quasi contract or unjust enrichment. Admittedly Wistrands have in their possession $347.18 obtained from Leach for which they gave nothing — Leach is out $347.18 and has nothing to show for it except its claim, the basis of this action. Long ago courts found a remedy for such situations and provided means of putting the parties in proper position so that neither made a gain or suffered a loss. In 12 Am. Jur., Contracts, 503, §6, it is stated:

" * * * For a quasi contract neither promise nor privity, real or imagined, is necessary. In quasi contracts the obligation arises, not from consent of the parties, as in the case of contracts, express or implied in fact, but from the law of natural immutable justice and equity. * * *"

The judgment is not only manifestly legally correct, but it is also an adjudication based on justice and equity.

The judgment is affirmed.