No. 21204.

VALLEY REALTY & INVESTMENT CO. *v.*
GEORGE S. MCMILLAN, ET AL.
(414 P.2d 486)

Decided May 23, 1966.

HARRY L. SILVERMAN, SHELDON SILVERMAN, for plaintiff in error.

BRUCE OWNBY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

VALLEY REALTY & INVESTMENT COMPANY, hereinafter referred to as Valley, filed an action in the justice court of Adams County against George and Donna McMillan for $300 and costs. This proceeding culminated in a judgment in favor of Valley against the McMillans for $300 and costs. Pursuant to applicable statute, the McMillans then perfected an appeal to the county court of Adams County, where trial de novo ensued.

Upon trial in the county court, counsel for the McMillans moved for a dismissal of the action at the conclusion of counsel's opening statement in behalf of Valley. This motion was granted and a judgment of dismissal followed. It is this judgment which Valley now seeks to have reversed.

 Disposing of a legal controversy on the basis of an opening statement has long been regarded as a very risky procedure, at best. Attention is directed to our prior pronouncements to the effect that such a motion should be "considered with extreme caution," as the dismissal of an action on the basis of an opening statement is an exceedingly "unsafe" method of resolving a lawsuit. See *Shore v. Denver Building & Construction Trades Council,* 128 Colo. 424, 263 P.2d 315 and *Iacino v. Brown,* 121 Colo. 450, 217 P.2d 266.

In his opening statement counsel in behalf of Valley advised the trial court that his evidence would establish that Valley was employed as a real estate agent to sell a house for Western Electric Company, hereinafter referred to as Western, and that through Valley's efforts the McMillans agreed to purchase the property from Western for a total purchase price of $13,200. Following through, then, on this contract of purchase and

sale between the McMillans and Western, the McMillans were said to have paid Valley, as the realtor, a total sum of $13,200, such being the amount called for by the contract. Valley, however, according to counsel, mistakenly remitted to Western the total sum of $13,500, *i.e.*, $300 more than the contract price. Later, upon discovering that it had received $300 more than the price called for by the contract, Western was said to have thereupon sent its check for $300 to the McMillans. Upon subsequent discovery that it was $300 "short" in this transaction, Valley made inquiry and ascertained to its satisfaction, at least, that Western had already paid the "extra" $300 over to the McMillans. Valley then made a demand upon McMillans to return to Valley its "missing" $300. When the McMillans ignored this demand, Valley instituted the present action.

After counsel had outlined the foregoing in his opening statement, the trial judge upon motion proceeded to dismiss the action. The basis for the dismissal was on the ground that — even though Valley was out $300, — Valley was still not the real party in interest as contemplated by Rule 17(a), R.C.P. Colo., and that the suit should have been brought by Western.

We are not in accord with this rather summary disposition of the matter. It would seem to us that inasmuch as it is Valley — and not Western — which is out the $300 that Valley most certainly is bringing this action as the real party in interest. The fact that Valley, if it had chosen to do so, might have joined Western as an additional party defendant in nowise militates against its right to proceed only against the McMillans, on the premise that it was they who had eventually received and kept for themselves the "missing" $300.

The facts in the instant case as outlined by counsel in his opening statement are somewhat analogous to those in *Wistrand v. Leach,* 147 Colo. 573, 364 P.2d 396. In that case a realtor sued the purchaser of a home, contending that because a credit on the settlement sheet

was erroneously given the purchaser, he (the realtor) was entitled to reimbursement in the amount of that sum for which credit was erroneously given. In holding that even though there was no privity of contract between the realtor and the purchaser, the realtor was still entitled to recoup on the doctrine of quasi contract or unjust enrichment, we stated as follows:

". . . . Admittedly Wistrands [the purchasers] have in their possession $347.18 obtained from Leach [the realtor] for which they gave nothing — Leach is out $347.18 and has nothing to show for it except its claim, the basis of this action. Long ago courts found a remedy for such situations and provided means of putting the parties in proper position so that neither made a gain or suffered a loss. In 12 Am. Jur., Contracts, 503 §6, it is stated:

" '* * * * For a quasi contract neither promise nor privity, real or imagined is necessary. In quasi contracts the obligation arises, not from consent of the parties, as in the case of contracts, express or implied in fact, but from the law of natural immutable justice and equity. * * * *' "

Nor do we regard it to be of any significance that in *Wistrand, supra,* the realtor gave the money (or credit) directly to the purchaser; whereas in the instant case, according to counsel's opening statement, the realtor erroneously gave the money to the seller who, in turn, gave it to the purchaser. The significant fact is that in each instance the purchaser had, or allegedly had, in his possession money which did not rightfully belong to him, and on the contrary belonged to the realtor.

Whether Valley can ultimately prevail in its action against the McMillans, we cannot of course at this juncture of the proceeding foretell. Such can only be determined after both disputants have had their full day in court. What we are holding, however, is that the trial

court committed error in dismissing Valley's action at the conclusion of counsel's opening statement.

The judgment is reversed and the cause remanded with directions that the trial court vacate its judgment of dismissal and proceed to take such evidence as the parties may see fit to introduce.

MR. JUSTICE MOORE and MR. JUSTICE DAY concur.