No. 21313.

ALANO DASS AND ROXANNE DASS *v.* FREDERICK W. EPPLEN, JOHN W. EPPLEN AND HELEN EPPLEN.
(424 P.2d 779)

Decided March 6, 1967.

ALLEN T. COMPTON, for plaintiffs in error.

ROBERT E. COLE, EDWARD I. HALIGMAN, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

PLAINTIFFS in error, Alano and Roxanna Dass, were defendants in the trial court and the defendants in error, Frederick W., John W. and Helen Epplen, were the plaintiffs below. The parties will be referred to here as the Dasses and the Epplens.

The controversy in this case stems from the failure of the Epplens, as buyers, and the Dasses, as sellers, upon the closing statement of a real estate transaction, to adjust an amount of $1375. This sum, previously paid some six years before the closing, represented the last

five months rent at $275 per month on a ten year lease between the Dasses as lessors and the lessees who had assigned their right, title and interest in the lease to the Epplens. The day after the closing the Epplens discovered that no accounting had been made on the settlement sheet of the $1375. A demand was thereupon made for a return of the stated sum. Shortly thereafter a complaint was filed in which the money was demanded on the theory that retention of this sum by the Dasses would result in unjust enrichment. A trial was held to the court, which made detailed findings of fact and conclusions of law. A judgment was thereupon entered for the plaintiffs, the Epplens, and against the defendants, the Dasses.

■ A perusal of the record reveals that the findings of fact conform in detail with the evidence before us, and, after examining the various exhibits and the testimony in the record, we agree with the conclusions of law as set forth in the judgment as entered.

■ In 17 C.J.S., *Contracts*, § 6, we find the general rule of law pertaining to the doctrine of unjust enrichment set forth at 572 as follows:

"The essential elements of quasi contract are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof."

■ The lease itself is silent as to the application of the $1375, in the event that the Epplens exercised their right of option to purchase as contained in the lease; it does, however, state that the $1375 represents the last five months rent of a ten year term. The receipt and terms of purchase, under which the Epplens exercised their option, called for insurance premiums, taxes and rents to be *adjusted* or prorated between the parties as of July 21, 1962. The rent was prorated for the month

of July 1962 and by calculation so shows on the settlement sheet, but no adjustment is reflected on the settlement sheet for the $1375 prepaid rent. The settlement sheet in this transaction creates no contractual rights but is merely an arithmetical calculation of credits and debits, and as established by the evidence, was incomplete.

The facts in the instant case pertaining to errors in a settlement sheet require applying the rationale of *Valley Realty and Investment Co. v. McMillan,* 160 Colo. 109, 414 P.2d 486, and *Wistrand v. Leach Realty Co.,* 147 Colo. 573, 364 P.2d 396, wherein it is held that, under the doctrine of quasi-contract or unjust enrichment, parties may be put in proper position so that neither makes an unjust gain or suffers an unjust loss.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE concur.