280

## No. C-550

**United Bank of Denver National Association, a national banking association v. Raymond Shavlik and Belva Shavlik**

(541 P.2d 317)

Decided September 2, 1975.            Rehearing denied November 3, 1975.

Holme Roberts & Owen, Donald K. Bain, Alan L. Talesnick, for petitioner.

Robinson & Robinson, Thomas M. Sullivan, for respondents.


*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.


We granted certiorari in this case to review the decision of the Colorado Court of Appeals, 34 Colo. App. 114, 525 P.2d 1195, affirming the dismissal of a third-party complaint against Raymond and Belva Shavlik. We reverse.

The Shavliks were indebted on two promissory notes, one to the United Bank of Denver and the other, to Alice Loveland and Clarence Button. Both notes were secured by certain corporate securities in the possession of United Bank, the holder of the first lien upon the securities. The bank had agreed that after all moneys due it were paid, it would hold the stocks as collateral security for the indebtedness on the note to Loveland and Button. According to the allegation in the third-party complaint, both notes were past due and unpaid and therefore on September 24, 1965 the United Bank sold enough of the securities to satisfy the Shavliks' obligation to the bank. It then delivered the remainder of the securities to the Shavliks at their request instead of holding them for Loveland and Button. The corporate securities had a market value at the time they were returned to the Shavliks of $13,000. The principal amount of the promissory note executed in favor of Loveland and Button was $20,000.

Alice Loveland initiated this action by filing a complaint against United Bank alleging negligence and breach of trust in the return of the securities to the Shavliks, and seeking as damages the value of the securities turned over by the bank to the Shavliks. The United Bank succeeded in its motion to have Clarence Button added as an involuntary plaintiff. Thereafter, United Bank filed a third-party complaint against the Shavliks alleging that the debt was the primary obligation of the Shavliks and that the Shavliks were liable to United Bank for any amounts for which it might be liable to the plaintiffs as a result of delivering the stocks to the Shavliks. The bank claimed that the Shavliks are liable to it under the doctrine of unjust enrichment, quasi-contract, indemnification and/or subrogation. The trial court dismissed the third-party complaint on the

grounds that it failed to state a claim upon which relief could be granted and then entered a final judgment on this issue pursuant to C.R.C.P. 54(b). The Court of Appeals upheld the dismissal.

The applicable portion of Rule 14 of the Colorado Rules of Civil Procedure, which governs the third-party practice question in this case, provides:

"(a) *When Defendant May Bring in Third Party*. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

■ This portion of the Colorado rule is identical to Rule 14 of the Federal Rules of Civil Procedure, and we find the authority and commentators on the federal rule persuasive in this case. Professors Wright and Miller, in their treatise on federal rules, clearly state the purpose of Rule 14:

"The primary purpose of any procedure authorizing the impleader of third parties is to promote judicial efficiency by eliminating 'circuity of actions.' The objective of Rule 14 is to avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim. When the rights of all three parties center upon a common factual setting, economies of time and expense can be achieved by combining the suits into one action. Doing so eliminates duplication in the presentation of evidence and increases the likelihood that consistent results will be reached when multiple claims turn upon identical or similar proof. Additionally, the third-party practice procedure is advantageous in that a potentially damaging time lag between a judgment against defendant in one action and a judgment in his favor against the party ultimately liable in a subsequent action will be avoided. In short, Rule 14 is intended to provide a mechanism for disposing of multiple claims arising from a single set of facts in one action expeditiously and economically." 6 *A. Wright & J. Miller, Federal Practice and Procedure*: Civil § 1442, at 202-03 (1971) [footnotes omitted].
See also 3 *J. Moore, Federal Practice* ¶ 1405[1], at 14-193-94 (1974).

■ The purpose of the rule — including avoiding circuity of actions and inconsistent result — must be balanced against any prejudice the impleaded party or the original plaintiff might suffer in having the matter resolved in the same suit rather than in a separate suit brought by the original defendant. *American Fidelity and Casualty Co., Inc. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956); *see A. Wright & J. Miller, supra* § 1443, at 210; *cf. J. Moore, supra* at 14-195. In this case, however, neither the plaintiffs nor the Shavliks have indicated that they would be prejudiced by having the controversy between the United Bank and the Shavliks resolved in this proceeding. In fact, during oral argument counsel for the Shavliks indicated that he did not know whether the third-party action would prejudice his clients.

■ We believe that permitting the third-party complaint here would further the purposes of Rule 14. The rights of Loveland and Button, United Bank and the Shavliks all "center upon a common factual setting" involving the original notes issued by the Shavliks and the security agreements by which the bank held the corporate securities of the Shavliks. Thus, "economies of time and expense" can be obtained by combining these disputes into one action.

■ We recognize that the third-party complaint must state a claim, under which upon some construction of the facts which might be adduced at trial, recovery would be possible. *J. Moore, supra* ¶ 14.10 at 14-284. The court of appeals held that payment by the bank to the plaintiffs would not reduce the liability of the Shavliks to the plaintiffs and that therefore, the bank could not recover anything from the Shavliks. This analysis by the court of appeals could lead to one of two unjust results: (1) the plaintiffs could be permitted to recover approximately $33,000, not including interest, from the bank and the Shavliks on an original indebtedness of $20,000, or (2) the plaintiffs could recover damages from the bank on the transfer of the corporate securities and not pursue the Shavliks, thereby allowing the Shavliks to keep the corporate securities and, in effect, make the bank the obligor on the note which the Shavliks were by its terms obliged to pay.

■ We find no case law which compels either of these unjust results. If, in fact, the bank was negligent in delivering the stock to the Shavliks at their request, such negligence alone on the part of the bank is not sufficient to prevent the bank from impleading a third-party defendant who may be liable to it if the plaintiff is successful. *See Jacobsen v. Dahlberg,* 171 Colo. 42, 464 P.2d 298; *cf. Dass v. Epplen,* 162 Colo. 60, 424 P.2d 779; *Wistrand v. Leach Realty Co.,* 147 Colo. 573, 364 P.2d 396. Whether we apply (1) the doctrine of unjust enrichment which requires that parties be put in such a position that neither receives an unjust gain or suffers an unjust loss, *Dass v. Epplen, supra*; (2) or the doctrine of quasi-contract, *Wistrand v. Leach Realty Co., supra*; or (3) the doctrine that the Shavliks are not entitled to use to their advantage a negligent act on the part of the bank not directed at them, which caused them no loss and which was at their instance, the simple fact is that the third-party complaint states a claim for relief here.

Accordingly, we reverse the opinion of the court of appeals and remand the case with instructions that the trial court reinstate United Bank's third-party complaint against the Shavliks.

MR. JUSTICE DAY and MR. JUSTICE KELLEY do not participate.