The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
February 6, 2020

## 2020COA21

**No. 18CA2136, *DIA Brewing, LLC v. MCE-DIA, LLC* — Civil
Procedure — Amended and Supplemental Proceedings —
Amendments as a Matter of Course**

A division of the court of appeals analyzes when an order for
dismissal of claims without prejudice is an appealable final
judgment that cuts off a plaintiff's right to amend as a matter of
course.  Under the facts presented, the majority holds that the
plaintiff had the right to file an amended complaint as a matter of
course even though the district court had dismissed its original
claims without prejudice.

The dissent would affirm, concluding that the orders
dismissing the plaintiff's claims were final judgments.

Court of Appeals No. 18CA2136
City and County of Denver District Court No. 18CV30611
Honorable Brian R. Whitney, Judge

DIA Brewing Co., LLC, a Colorado limited liability company,

Plaintiff-Appellant,

v.

MCE-DIA, LLC, a Michigan limited liability company; Midfield Concessions
Enterprises, Inc. a Michigan limited liability company; Andrea Hachem;
Noureddine "Dean" Hachem; Samir Mashni; Simrae Solutions, LLC, a Colorado
limited liability company; Sudan I. Muhammad; Pangea Concessions Group,
LLC, a Florida limited liability company; Niven Patel; Rohit Patel; and Richard
E. Schaden,

Defendants-Appellees.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE LIPINSKY
Webb, J., concurs
Fox, J., dissents

Announced February 6, 2020

Jones & Keller, P.C., G. Stephen Long, Christopher S. Mills, Denver, Colorado;
The Law Offices of George A. Barton, P.C., George A. Barton, Denver, Colorado;
Connelly Law, LLC, Sean Connelly, Denver, Colorado, for Plaintiff-Appellant

Merchant & Gould P.C., Peter A. Gergely, Denver, Colorado; Woodrow & Peluso,
LLC, Steven L. Woodrow, Denver, Colorado, for Defendants-Appellees MCE-
DIA, LLC, Midfield Concessions Enterprises, Inc., Andrea Hachem; Noureddine
"Dean" Hachem; Samir Mashni; Simrae Solutions, LLC, Sudan I. Muhammad;
Pangea Concessions Group, LLC, Niven Patel; Rohit Patel

Haddon, Morgan and Foreman, P.C., Pamela Robillard Mackey, Saskia A. Jordan, Adam Mueller, David G. Maxted, Denver, Colorado for Defendant-Appellee Richard E. Schaden

¶ 1    Plaintiff, DIA Brewing Co., LLC (Brewing), had several options after the district court dismissed its claims without prejudice, if it wished to continue litigating against the defendants:

- move for leave to file an amended complaint that remedied the defects in its original pleading;

- file an amended complaint with the defendants' written consent; or

- commence a new case, with a new complaint.

¶ 2    But Brewing chose a different strategy that raises novel issues under Colorado law: it filed an amended complaint, purportedly as a matter of course under C.R.C.P. 15(a), despite the dismissal of its claims.

¶ 3    We decide three questions of law.  First, we hold that, under the facts of this case, the orders dismissing Brewing's claims without prejudice were not final judgments.  Second, because the dismissal orders were not final judgments, we hold that Brewing retained the right to amend its complaint as a matter of course under C.R.C.P. 15(a).  Third, we hold that the district court erred by deciding that Brewing's amended complaint failed under the futility

1

of amendment doctrine. Thus, we reverse the order striking Brewing's amended complaint and remand for further proceedings.

## I. Relevant Facts and Procedural History

¶ 4    Brewing unsuccessfully bid for a contract to establish restaurants and related businesses at Denver International Airport (DIA). The businesses included a Colorado-themed microbrewery, two burger restaurants, and a coffee bar. DIA issued publicly available rankings of the five qualified bidders, which ranked Brewing fourth.

¶ 5    Brewing then sued several public and private defendants, alleging a bid-rigging conspiracy between defendants MCE-DIA, LLC, the winner of the contract; Midfield Concessions Enterprises, Inc., Andrea Hachem, Noureddine "Dean" Hachem, Samir Mashni, Simrae Solutions, LLC, Sudan I. Muhammad, Pangea Concessions Group, LLC, Niven Patel, and Rohit Patel, who are affiliates of MCE-DIA, LLC; Richard E. Schaden, the CEO of the hamburger chain Smashburger; and DIA officials (who are no longer parties to the case).

¶ 6    More specifically, Brewing alleged that the owners of MCE-DIA offered partial ownership of the company to affiliates of one of the

DIA officials in exchange for the official's help in awarding the contract to MCE-DIA. Brewing asserted that DIA's ranking of the bidders was tainted and invalid based on defendants' alleged wrongful conduct.

¶ 7 Brewing pleaded claims for bid-rigging in violation of section 6-4-106, C.R.S. 2019; bribery and other predicate acts in violation of the Colorado Organized Crime Control Act, § 18-17-104, C.R.S. 2019; tortious interference with prospective business opportunity; and civil conspiracy.

¶ 8 The nongovernmental defendants moved to dismiss for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1), failure to plead fraud with particularity under C.R.C.P. 9(b), and failure to state claims on which relief could be granted under C.R.C.P. 12(b)(5). Brewing did not amend its complaint before the district court ruled on the dismissal motions. But, in its briefs opposing the motions to dismiss, Brewing requested leave to amend its complaint if the court determined that "additional averments are required," as well as a hearing on the dismissal motions.

¶ 9 After considering the materials filed by the defendants in support of their motions to dismiss, including the list ranking the

bidders (which was not incorporated into the complaint), but without conducting a hearing, the district court concluded that Brewing lacked standing to assert any of its claims and had failed to plead fraud with particularity. In a series of orders (the June orders), the court dismissed the complaint in its entirety. The dismissal orders did not indicate whether the case was dismissed with or without prejudice.

¶ 10 Brewing did not move under C.R.C.P. 59 or 60 to vacate or set aside the June orders. Instead, the day before the time to appeal the June orders expired, Brewing filed an amended complaint, contending that it had a right to amend as a matter of course under C.R.C.P. 15(a). The defendants moved to strike and dismiss the amended complaint, both on the grounds articulated in their original dismissal motions and based on the June orders.

¶ 11 The district court entered an order (the November order) ruling that the amended complaint was "denied for filing." The court said that Brewing had not "preserved amendment as a matter of course" when it included an amendment request in its responses to the dismissal motions and had not sought relief from the June orders under C.R.C.P. 59. Under the court's reasoning, Brewing could no

longer amend as a matter of course after entry of the June orders because "whether with or without prejudice, the dismissal of all claims by the Court would be considered an 'order to or from which an appeal lies'" and thus were final judgments. In the alternative, the court ruled that the amended complaint failed under the futility of amendment doctrine because, like Brewing's original complaint, it neither established standing nor pleaded fraud with particularity.

¶ 12 Following entry of the November order, Brewing appealed the June and November orders. The defendants moved to dismiss the appeal. A motions division of this court dismissed the appeal of the June orders as untimely but allowed the appeal to proceed with respect to the November order. Brewing does not challenge the motions division's partial dismissal. Defendants do not challenge our jurisdiction over the November order.

## II. Analysis

### A. Right to Amend Versus Leave to Amend

¶ 13 C.R.C.P. 15(a) allows for three types of amendment: amendment as a matter of course, amendment by leave of court, and amendment with the adverse party's written consent. "A party may amend his pleading once as a matter of course at any time

before a responsive pleading is filed . . . . Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." C.R.C.P. 15(a). A motion to dismiss is not a responsive pleading. *Davis v. Paolino*, 21 P.3d 870, 873 (Colo. App. 2001).

¶ 14 Brewing contends that it had the right to amend its complaint as a matter of course, even after dismissal of its original claims, because the defendants never filed a responsive pleading and the court dismissed its original claims without prejudice. Brewing takes the position that it filed the amended complaint as a matter of course. Thus, whether the district court abused its discretion in denying Brewing leave to amend its complaint is not before us.

¶ 15 Defendants contend that we should review the November order for an abuse of discretion. They argue that Brewing's delay in attempting to amend, as well as other factors, gave the district court discretion to dismiss the amended complaint. But we agree with Brewing that whether it had the right to amend as a matter of course under C.R.C.P. 15(a) and whether the June orders cut off that right are questions of law that we review de novo. So we review de novo whether the district court committed legal error when it

concluded that Brewing had lost its absolute right to amend as a matter of course.  *See DCP Midstream, LP v. Anadarko Petroleum Corp.*, 2013 CO 36, ¶ 24, 303 P.3d 1187, 1193.

  B.     The Entry of a Final Judgment Cuts off a Plaintiff's Right to Amend as a Matter of Course Under C.R.C.P. 15(a)

¶ 16     The entry of a final, appealable judgment cuts off the right to amend, despite the language of C.R.C.P. 15(a).  *Harris v. Reg'l Transp. Dist.*, 155 P.3d 583, 587 (Colo. App. 2006); *Estate of Hays v. Mid-Century Ins. Co.*, 902 P.2d 956, 959 (Colo. App. 1995); *Wilcox v. Reconditioned Office Sys.*, 881 P.2d 398, 400 (Colo. App. 1994). The version of Fed. R. Civ. P. 15(a) in effect before the 2009 amendments was identical to the current version of C.R.C.P. 15(a). Thus, cases interpreting the older version of the federal rule are persuasive.  *Harris*, 155 P.3d at 588.  Federal courts construing the earlier version of Fed. R. Civ. P. 15(a) uniformly reached the same conclusion: the right to amend is cut off on entry of a final judgment.  *Tool Box v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (listing cases applying this rule); *accord* 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.97[2] (2d ed. 1980) (noting that the absolute right to amend is lost after final judgment

7

is entered). (Under the current version of the federal rule, a party may amend as a matter of course within twenty-one days after service of either a responsive pleading or a Fed. R. Civ. P. 12(b) motion. Fed. R. Civ. P. 15(a). The Colorado version of Rule 15(a) does not refer to Rule 12(b).)

¶ 17    The *Wilcox* division reasoned that "when final judgment is entered before a responsive pleading is filed, the liberal approach of C.R.C.P. 15 must be balanced against the value of preserving the integrity of final judgments." 881 P.2d at 400. The division, and later divisions addressing the issue, held that the right to amend is lost after entry of a final judgment because "the concerns of finality in litigation become even more compelling and the litigant has had the benefit of a day in court, in some fashion, on the merits of his claim." *Id.* (quoting *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982)).

¶ 18    But, in the absence of a final judgment, our supreme court has said that the right to amend a complaint as a matter of course under Rule 15(a) survives dismissal. *Passe v. Mitchell*, 161 Colo. 501, 502, 423 P.2d 17, 17-18 (1967) (holding that in the absence of a responsive pleading, "no final judgment should have been entered

8

in the absence of a showing of record that plaintiff waived the right to file an amended complaint"); *Wistrand v. Leach Realty Co.*, 147 Colo. 573, 576, 364 P.2d 396, 397 (1961) (After the district court entered a dismissal order without prejudice, "[t]o now urge that the dismissal prejudiced Leach's right to have his claim adjudicated does violence to [Rule 15(a)] and the court's order."); *Renner v. Chilton*, 142 Colo. 454, 456, 351 P.2d 277, 278 (1960) ("The language of [Rule 15(a)] is, however, clear and unequivocal. It expressly allows one amendment as a matter of right before the answer or reply is filed . . . .").

¶ 19 We perceive no conflict between the *Wilcox* and *Renner* lines of cases. *Renner* and its progeny allow a plaintiff to amend its complaint as a matter of course consistent with Rule 15(a); *Wilcox*, *Estate of Hays*, and *Harris* extinguish that right once the district court enters a final judgment. (We need not address whether Brewing unreasonably delayed in exercising its right to amend as a matter of course. Brewing filed its amended complaint forty-eight days after the district court dismissed its original complaint, and the defendants do not argue that Brewing's amended complaint was untimely. *See* 6 Arthur R. Miller, Mary Kay Kane & A. Benjamin

9

Spencer, *Federal Practice and Procedure* § 1483, Westlaw (3d ed. database updated Aug. 2019) ("In general . . . a party could amend as of course within a *reasonable time* after an order dismissing the complaint had been entered, inasmuch as no responsive pleading had been served.") (emphasis added).)

¶ 20    This reconciliation strikes an appropriate balance between the liberal thrust of modern pleading standards, *see* C.R.C.P. 1(a) ("These rules shall be liberally construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action."), and the policy concern, identified in *Wilcox,* to preserve finality once "the litigant has had the benefit of a day in court . . . on the merits of his claim," *Wilcox,* 881 P.2d at 400.

C.    Whether the District Court Dismissed Brewing's Claims Under
      C.R.C.P. 12(b)(1) or 12(b)(5) Is Inconsequential to the Finality
      Analysis

¶ 21    The cases addressing a party's right to amend following dismissal of its claims did not limit their analysis to Rule 12(b)(5) dismissals. *See Passe,* 161 Colo. at 502, 423 P.2d at 17-18 (unless the plaintiff waives its right to file an amended complaint, the district court cannot dismiss an action with prejudice); *Wistrand,*

147 Colo. at 576, 364 P.2d at 397 (holding, without qualification, that the plaintiff could amend its complaint following a dismissal without prejudice); *Renner*, 142 Colo. at 456, 351 P.2d at 278 (noting that there are no exceptions to Rule 15(a)'s right to file an amended complaint before the filing of a responsive pleading).

¶ 22     Likewise, federal courts, which have more fully developed case law in this area, do not distinguish between Rule 12(b)(1) and 12(b)(5) dismissals for purposes of determining whether a party may file a post-dismissal amended pleading. *See, e.g.*, *Northlake Cmty. Hosp. v. United States*, 654 F.2d 1234, 1240 (7th Cir. 1981) ("The Federal Rules of Civil Procedure . . . allow for the liberal amendment of pleadings, particularly to cure jurisdictional defects."); *Lone Star Motor Imp., Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75-77 (5th Cir. 1961) (holding that the district court erred in refusing to allow plaintiff to cure subject matter jurisdiction defect by amended complaint); *Keene Lumber Co. v. Leventhal*, 165 F.2d 815, 823 (1st Cir. 1948) (stating, in dicta, that the plaintiff could amend its complaint to establish diversity of citizenship "as a matter of right").

¶ 23     Further, two Colorado cases say that a plaintiff whose complaint is dismissed may elect either to stand by the dismissed

complaint and appeal, or to file an amended complaint. *Passe,* 161 Colo. at 502, 423 P.2d at 17-18; *Wistrand,* 147 Colo. at 576, 364 P.2d at 397.

¶ 24    Lastly, our case law reflects the tension regarding whether a district court can consider only evidence "supportive of standing," *Colo. Gen. Assembly v. Lamm,* 700 P.2d 508, 516 (Colo. 1985), or if it can consider "any . . . evidence submitted on the issue of standing," *Bd. of Cty. Comm'rs v. Bowen/Edwards Assocs.,* 830 P.2d 1045, 1053 (Colo. 1992). This uncertainty disfavors crediting the evidence proffered by the party that seeks to defeat standing as a basis to deny the party that seeks to establish standing the right to amend under Rule 15(a), particularly where, as here, Brewing sought, but was not granted, a hearing.

¶ 25    Of course, judicial economy always deserves consideration. Allowing a plaintiff to amend a complaint after a Rule 12(b)(1) dismissal — as opposed to taking an immediate appeal — will result in further proceedings before the district court. Yet the same would be true of an amendment after a Rule 12(b)(5) dismissal. And our supreme court has instructed district courts "not [to] impose arbitrary restrictions on making timely amendments," and that our

12

procedural rules should "[f]ocus . . . upon resolution of actions on their merits . . . ." *Benton v. Adams*, 56 P.3d 81, 85 (Colo. 2002). We must heed both admonitions.

¶ 26    We next consider whether the June orders constituted final judgments and conclude that they did not.

### D.    The June Orders Were Not Final Judgments

#### 1.    The District Court Dismissed Brewing's Initial Claims Without Prejudice

¶ 27    Because the June orders did not specify whether the district court was dismissing Brewing's initial claims with or without prejudice, we must determine whether the dismissals were with or without prejudice.  The registry of actions said that the dismissals were without prejudice.  But the content of an order, not its title, determines whether it is a final judgment.  *Cyr v. Dist. Court*, 685 P.2d 769, 770 (Colo. 1984).  A "[j]udgment" is "a decree and order to or from which an appeal lies."  C.R.C.P. 54(a).

¶ 28    C.R.C.P. 41(b)(3) presumes that dismissal orders that do not specify with or without prejudice must be construed as effecting a dismissal without prejudice.  *See Graham v. Maketa*, 227 P.3d 516, 517 (Colo. App. 2010) ("The dismissal order did not specify whether

13

the action was being dismissed 'with' or 'without' prejudice, and so it is presumed to be without prejudice.").

¶ 29    Still, this conclusion does not end our analysis of whether the June orders were final judgments because, as we explain in the next section, dismissals without prejudice may be final judgments.

### 2.    The June Orders Were Not Final Judgments Because Brewing Could Have Cured the Defects in Its Claims Through Amendment

¶ 30    The district court's June orders dismissed Brewing's claims because Brewing lacked standing and because Brewing failed to plead fraud with particularity.  This first basis was a dismissal for lack of jurisdiction under C.R.C.P. 12(b)(1) because standing is a jurisdictional prerequisite.  *C.W.B., Jr. v. A.S.*, 2018 CO 8, ¶ 16, 410 P.3d 438, 442; *City of Greenwood Vill. v. Petitioners for Proposed City of Centennial*, 3 P.3d 427, 436 (Colo. 2000).  So, the question is whether the C.R.C.P. 12(b)(1) dismissals were final judgments.

¶ 31    A long line of Colorado cases holds that a dismissal without prejudice constitutes a final judgment only if the action "cannot be saved" by an amended complaint.  *See, e.g.*, *Schoenewald v. Schoen*, 132 Colo. 142, 143-44, 286 P.2d 341, 341 (1955) (dismissal without prejudice was not a final judgment); *Avicanna Inc. v. Mewhinney*,

14

2019 COA 129, ¶ 1 n.1, ___ P.3d ___, ___ n.1 (noting that, "[w]here . . . the circumstances of the case indicate that the action cannot be saved . . . , dismissal without prejudice qualifies as a final judgment"); *Harris*, 155 P.3d at 585 (same); *Burden v. Greeven*, 953 P.2d 205, 207 (Colo. App. 1998) (same); *Carter v. Small Bus. Admin.*, 40 Colo. App. 271, 272-73, 573 P.2d 564, 566 (1977) (same).

¶ 32    The most common situation where a complaint "cannot be saved" occurs when further proceedings would be barred by a statute of limitations. *E.g.*, *Harris*, 155 P.3d at 585; *B.C. Inv. Co. v. Throm*, 650 P.2d 1333, 1335 (Colo. App. 1982). Other cases involve clear preemption, *e.g.*, *Richardson v. United States*, 336 F.2d 265, 266 n.1 (9th Cir. 1964); claims that are "so patently frivolous that they cannot be saved," *Rubins v. Plummer*, 813 P.2d 778, 779 (Colo. App. 1990); and other "special circumstance[s]," *In re Custody of Nugent*, 955 P.2d 584, 587 (Colo. App. 1997).

¶ 33    This approach to determining the finality of dismissal orders comports with the federal courts' treatment of the issue. While federal courts articulate the test in different ways, the gist of the rule remains constant: a dismissal without prejudice is not a final judgment if the plaintiff can cure deficiencies through an amended

complaint. *See, e.g., Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623 (4th Cir. 2015) ("An order dismissing a complaint without prejudice is not an appealable final order . . . if 'the plaintiff could save his action by merely amending his complaint.'" (quoting *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993))); *Moya v. Schollenbarger*, 465 F.3d 444, 448-49 (10th Cir. 2006) ("[I]n this circuit, 'whether an order of dismissal is appealable' generally depends on 'whether the district court dismissed the *complaint* or the *action.* A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final.'" (quoting *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994))); *Ordower v. Feldman*, 826 F.2d 1569, 1572 (7th Cir. 1987) ("If a district court's dismissal leaves a plaintiff free to file an amended complaint, the dismissal is not considered a final appealable order."); *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976) (holding that "an implicit invitation to amplify the complaint is found in the phrase 'without prejudice'").

¶ 34     Viewing the June orders through this lens, Brewing could have saved its allegations related to standing in the original complaint,

16

which the district court deemed insufficient, through an amended complaint. The court held that Brewing had not "sufficiently established actual injury to create standing" because it offered no evidence to support its allegation — i.e., it pleaded "[u]pon information and belief" — that it "was actually the highest scoring entity bidding" on the request for proposals. The court relied entirely on a summary ranking provided by MCE-DIA in support of its motion to dismiss, which showed that Brewing finished fourth of five bidders. So, in the court's view, Brewing had not sufficiently shown injury in fact.

¶ 35    Brewing could have cured this defect by pleading additional facts to discredit the *entire* summary ranking, as it does in its amended complaint. Specifically, the amended complaint alleges in detail how Bhavesh Patel, the alleged insider at DIA, manipulated the voting process to ensure that MCE-DIA won the contract. (The amended complaint alleges how Bhavesh Patel designed the judges' scorecards and manipulated DIA's scoring tabulation matrix to ensure that MCE-DIA would prevail, and how he sought to improperly influence the judging through another alleged co-conspirator. These allegations are supported by an affidavit from

17

an investigator who interviewed an official at DIA involved with the request-for-proposals process.)

¶ 36    Lastly, the motions division's conclusion that the June orders constituted appealable final judgments, and that Brewing had missed the deadline to appeal those orders, do not preclude us from holding that the June orders were not final judgments for purposes of amendment as a matter of course.  The motions division neither considered nor determined whether Brewing had the right to amend as a matter of course following the entry.  And "[a] decision of a motions division is not always binding."  *Cordova v. Indus. Claim Appeals Office*, 55 P.3d 186, 189 (Colo. App. 2002); *see* <u>*Allison v. Engel*</u>, 2017 COA 43, ¶ 22, 395 P.3d 1217, 1222 (deciding that the court is not bound by a motions division's determination of jurisdiction).

¶ 37    In sum, based on consistent precedent from divisions of this court and the federal courts, we conclude that the June orders were not final judgments barring amendment as a matter of course under Rule 15(a) because Brewing could have amended its complaint to cure the deficiencies noted in the June orders.

### III. The District Court Erred by Rejecting Brewing's Amended Complaint Under the Futility of Amendment Doctrine

¶ 38    As explained above, in the November order, the district court held that Brewing could not amend its complaint as a matter of course and, moreover, if Brewing had moved for leave to amend under C.R.C.P. 15(a), its motion would fail under the futility of amendment doctrine.

¶ 39    Futility of amendment is a basis to deny a motion for leave to amend a pleading. *Benton*, 56 P.3d at 85-86. A district court may deny a motion for leave to amend on grounds of futility if the proposed pleading could not survive a motion to dismiss. *See id.* at 85. "A proposed amendment would clearly be futile if, among other things, it failed to state a legal theory or was incapable of withstanding a motion to dismiss." *Vinton v. Virzi*, 2012 CO 10, ¶ 13, 269 P.3d 1242, 1246.

¶ 40    Futility of amendment does not apply to amended pleadings filed as a matter of course, however. By definition, a party amending as a matter of course does not need the court's leave to submit its amended pleading. "When the plaintiff has the right to file an amended complaint *as a matter of course, . . .* the plain

language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." *Williams v. Bd. of Regents*, 477 F.3d 1282, 1292 (11th Cir. 2007) (interpreting the federal analogue to C.R.C.P. 15(a)). Of course, an opposing party could move for dismissal of the amended pleading under C.R.C.P. 12(b), which identifies the grounds for dismissal of a pleading.

¶ 41 Here, the district court improperly analyzed Brewing's amended complaint under the futility of amendment doctrine because Brewing filed the amended complaint as a matter of course and was not seeking leave of court to do so. For this reason, we reverse the district court's decision to disallow Brewing's amended complaint under the futility of amendment doctrine. Because Brewing had the right to file its amended complaint as a matter of course, the next procedural step following remand will be defendants' submission of an "answer or other response" pursuant to C.R.C.P. 12(a)(1).

## IV. Conclusion

¶ 42 The judgment is reversed. The case is remanded for further proceedings consistent with this opinion.

JUDGE WEBB concurs.

JUDGE FOX dissents.

JUDGE FOX, dissenting.

¶ 43 I agree that two questions of law are dispositive of this appeal. The first is whether a district court's order dismissing all claims under C.R.C.P. 12(b)(1) on the basis that the plaintiff lacks standing is a final judgment. The second is whether a plaintiff retains an absolute right to amend its complaint under C.R.C.P. 15(a) after final judgment is entered. I disagree with the majority that the June orders were nonfinal judgments and also disagree that, once final judgments were entered, Brewing retained an absolute right to amend. I would, therefore, affirm the district court's order dismissing plaintiff's amended complaint.

¶ 44 Because the majority fairly sets out the procedural history and the operative facts, I will not repeat them here.

## I. Analysis

### A. Right to Amend Versus Leave to Amend

¶ 45 "A party may amend his pleading once as a matter of course at any time before a responsive pleading is filed." C.R.C.P. 15(a). "Otherwise, a party may amend his pleading only by leave of court," which "shall be freely given when justice so requires." *Id.*

22

¶ 46    Brewing contends that it had an absolute right to amend its complaint even after it was dismissed for lack of standing because the defendants never filed a responsive pleading.[1]  Brewing does not ask this court to construe its filing of the amended complaint as asking for leave.

¶ 47    Thus, I agree with the majority that we are not reviewing whether the district court abused its discretion by denying Brewing leave to amend its complaint.  Rather, we are to review de novo whether the district court committed legal error when it concluded that Brewing had lost its absolute right to amend.[2]  *See DCP Midstream, LP v. Anadarko Petroleum Corp.*, 2013 CO 36, ¶ 24.

---

[1] The majority correctly recognizes that a motion to dismiss is not a responsive pleading.  *Davis v. Paolino*, 21 P.3d 870, 873 (Colo. App. 2001).

[2] Defendants contend that we should review the trial court's order dismissing the amended complaint for an abuse of discretion, and argue that Brewing's delay in attempting to amend, as well as other factors, gave the trial court discretion to dismiss the amended complaint (or more accurately, to deny leave to amend).  I agree with Brewing that the questions of whether it had an *absolute right* to amend under C.R.C.P. 15(a), and whether the June orders cut off that right, are questions of law that warrant de novo review.

### B. The Entry of a Final, Appealable Judgment Cuts Off a Plaintiff's Right to Amend Under C.R.C.P. 15(a)

¶ 48 For twenty-five years, divisions of this court have uniformly held that the entry of a final, appealable judgment cuts off the right to amend, notwithstanding the language of C.R.C.P. 15(a). *Gandy v. Williams*, 2019 COA 118, ¶ 10; *Harris v. Reg'l Transp. Dist.*, 155 P.3d 583, 587 (Colo. App. 2006); *Estate of Hays v. Mid-Century Ins. Co.*, 902 P.2d 956, 959 (Colo. App. 1995); *Wilcox v. Reconditioned Office Sys.*, 881 P.2d 398, 400 (Colo. App. 1994).

¶ 49 Before Fed. R. Civ. P. 15(a) was amended in 2009, it was identical to the Colorado rule, and federal courts construing that version of the rule uniformly reached the same conclusion: the right to amend is cut off when a final judgment is entered.[3] *Tool Box v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (listing cases applying this rule); *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985); *accord* 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.97[2] (2d ed. 1980) (noting that the absolute right to amend is lost after final judgment is entered).

---

[3] Under the current federal rule, the absolute right to amend is cut off twenty-one days after service of a C.R.C.P. 12(b) motion.

¶ 50    These opinions are sound.  The *Wilcox* division reasoned that

"when final judgment is entered before a responsive pleading is

filed, the liberal approach of C.R.C.P. 15 must be balanced against

the value of preserving the integrity of final judgments."  881 P.2d

at 400.  The division, and later divisions addressing the issue,

struck that balance by holding that the right to amend is lost after

a final judgment is entered because "the concerns of finality in

litigation become even more compelling and the litigant has had the

benefit of a day in court, in some fashion, on the merits of his

claim."  *Id.* (quoting *Union Planters Nat'l Leasing v. Woods*, 687 F.2d

117, 121 (5th Cir. 1982)).  Instead, before amending, a plaintiff

must move to set aside the dismissal judgment under C.R.C.P. 59

or 60(b).  *See id.*

¶ 51    So, it should have been no surprise to Brewing that under

these precedents, it had the following choices when the district

court dismissed its complaint for lack of standing under C.R.C.P.

12(b)(1):

- timely move to amend the judgment of dismissal under
  C.R.C.P. 59 or to vacate the judgment under C.R.C.P.
  60;

- timely appeal the June 2018 dismissal to this court; or

- file a new action, taking the risk that the June 2018 dismissal would be preclusive of the new action.

¶ 52    Brewing did none of these things.  Instead, without properly seeking leave of court, Brewing filed an amended complaint forty-eight days after the June 2018 dismissal order, contending that it had an absolute right to do so, and it allowed the forty-nine-day appeal period for the June orders to expire without filing a notice of appeal.  *See* C.A.R. 4(b).

¶ 53    Given these court of appeals cases and Brewing's course of action, it can succeed in this appeal only if the June orders did not constitute final judgments, or if all of the court of appeals' decisions were contrary to Colorado Supreme Court precedent.

C.    The District Court's June Orders Were Final Judgments

¶ 54    The court's June orders dismissed Brewing's complaint because Brewing lacked standing and because Brewing failed to plead fraud with particularity.  This first basis was a dismissal for lack of jurisdiction under C.R.C.P. 12(b)(1) because standing is a jurisdictional prerequisite.  *C.W.B., Jr. v. A.S.*, 2018 CO 8, ¶ 16; *City of Greenwood Village v. Petitioners for Proposed City of Centennial*, 3

P.3d 427, 436 (Colo. 2000). So, the question is whether the C.R.C.P. 12(b)(1) dismissals were final judgments.

¶ 55    I recognize that the district court initially characterized its dismissals as "without prejudice." Later, in response to an order to show cause from this court, the district court stated that the "without prejudice" designation was a "clerical error." This confusion does not affect my analysis. Usually, "a trial court's dismissal of a claim without prejudice does not constitute a final judgment," but this designation is not dispositive. *Brody v. Bock*, 897 P.2d 769, 777 (Colo. 1995).

¶ 56    The characterization of a dismissal order as either with or without prejudice may, as this case illustrates, lend uncertainty to the process. The principal effect of a dismissal without prejudice is that the dismissal does not preclude filing a new action. *Grynberg v. Phillips*, 148 P.3d 446, 450 (Colo. App. 2006). That characterization may also affect whether the order is a final, appealable judgment. *See id.* Generally, though not always, a dismissal without prejudice is not a final, appealable order, and this court usually will dismiss an appeal of an order dismissing a case

27

without prejudice.  *Avicanna Inc. v. Mewhinney*, 2019 COA 129, ¶ 1 n.1.

¶ 57     The content of an order, not its title, determines whether it is a final judgment.  *Cyr v. Dist. Court*, 685 P.2d 769, 770 (Colo. 1984).  A "[j]udgment" is "a decree and order to or from which an appeal lies."  C.R.C.P. 54(a).  The controlling question is whether the order "constitutes a final determination of the rights of the parties in the action."  *Cyr*, 685 P.2d at 770.  "[A]n order of dismissal is to be treated as a judgment for the purposes of taking an appeal when it finally disposes of the particular action and prevents any further proceedings as effectually as would any formal judgment."  *Levine v. Empire Sav. & Loan Ass'n*, 192 Colo. 188, 190, 557 P.2d 386, 387 (1976) (quoting *Herrscher v. Herrscher*, 259 P.2d 901, 903 (Cal. 1953)).

¶ 58     Here, the district court's June orders disposed of all claims against all parties.  The court adjudicated the critical question of whether Brewing had standing and concluded that it did not.  There were no remaining issues, legal or factual, for the court to resolve after it granted the motions to dismiss.  Under the Colorado Rules of Civil Procedure and supreme court precedent, the orders

28

constituted final judgments. There was simply nothing left for the district court to do at that point, except to address issues of fees and costs. And a request for fees or costs does not generally affect the judgment's finality. *See* C.R.C.P. 58(a) (providing that entry of the judgment shall not be delayed for the taxing of costs); *Moya v. Schollenbarger*, 465 F.3d 444, 450 (10th Cir. 2006) (reasoning that dismissal of the entire action is ordinarily a final judgment); *Driscoll v. Dist. Court*, 870 P.2d 1250, 1252 (Colo. 1994) (fees and costs request does not affect finality of a judgment); *see also Baldwin v. Bright Mortg. Co.*, 757 P.2d 1072, 1074 (Colo. 1988). In asking the court to determine what fees and costs were due, the parties recognized as much.

¶ 59 The motions division of this court agreed. In the defendants' motion to dismiss the appeal, they argued that the June orders constituted appealable final judgments, but that the time for appeal had expired. The motions division agreed and dismissed the portion of the appeal relating to the June orders because they "dispos[ed] of this case on the merits."

¶ 60 While the district court never adjudicated the underlying merits of the plaintiff's various claims, it did adjudicate the question

of whether the plaintiffs have standing to bring those claims. "Although dismissal for lack of subject matter jurisdiction does not adjudicate the merits of the claims asserted, it does adjudicate the court's jurisdiction." *W. Colo. Motors, LLC v. Gen. Motors, LLC*, 2019 COA 77, ¶ 19 (quoting *Sandy Lake Band of Mississippi Chippewa v. United States*, 714 F.3d 1098, 1103 (8th Cir. 2013)). As to that limited question — standing and, thus, jurisdiction — the dismissal order was an adjudication constituting a final judgment.

¶ 61 Because the June orders constituted final judgments, Brewing lost the absolute right to amend under C.R.C.P 15(a).[4]

D. Colorado Supreme Court Precedent Does Not Dictate a Different Result

¶ 62 In addressing the final question, I cannot disregard twenty-five years of court of appeals authority holding that entry of final judgment cuts off a plaintiff's right to amend under C.R.C.P. 15(a).

---

[4] I do not exclude the possibility that a dismissal based on lack of standing predicated solely on the four corners of a complaint may not be a final, appealable judgment. But in this case, the trial court considered information outside of the complaint to inform its standing ruling. Under these circumstances, a Rule 12(b)(1) dismissal is a final order or judgment.

¶ 63    Brewing essentially argues that the prior court of appeals cases are contrary to earlier holdings of the Colorado Supreme Court, which have never been overruled by the supreme court in its adjudicatory or rulemaking capacities.  As an intermediate appellate court, we are bound by supreme court authority.  *See Silver v. Colo. Cas. Ins. Co.*, 219 P.3d 324, 330 (Colo. App. 2009).  It matters not that the supreme court authority is old or that we purportedly discern a better rule of law.  It is the prerogative of the supreme court alone to overrule its cases.  *See id.*

¶ 64    Brewing relies on three supreme court cases: *Renner v. Chilton,* 142 Colo. 454, 351 P.2d 277 (1960); *Passe v. Mitchell,* 161 Colo. 501, 423 P.2d 17 (1967); and *Wistrand v. Leach Realty Co.,* 147 Colo. 573, 364 P.2d 396 (1961).  According to Brewing, each of these cases holds that a plaintiff's right to amend is *not* cut off when a court grants a motion to dismiss so long as no responsive pleading has been filed.[5]

---

[5] These cases address a version of C.R.C.P. 15(a) that is substantively identical to the current version of the rule.

¶ 65    *Passe* and *Renner* involved a plaintiff's attempt to amend his complaint after the court had granted the defendant's C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim, and, in both cases, the supreme court held that the plaintiffs had a right to amend. *Passe*, 161 Colo. at 502, 423 P.2d at 17-18; *Renner*, 142 Colo. at 455-56, 351 P.2d at 277-78. In *Passe*, the court reasoned that "no final judgment should have been entered in the absence of a showing of record that plaintiff waived the right to file an amended complaint, and elected to stand upon the allegations of the complaint to which the motion to dismiss was addressed." *Passe*, 161 Colo. at 502, 423 P.2d at 17-18.

¶ 66    In *Wistrand*, the case most heavily relied on by Brewing, the plaintiff's contract claim was dismissed without prejudice under C.R.C.P. 12(b)(5) because the defendant was not a party to the contract. *Wistrand*, 147 Colo. at 574-75, 364 P.2d at 397. The plaintiff then filed a new suit against the same defendant on the theory of unjust enrichment. *Id.* at 575, 364 P.2d at 397. On appeal, the supreme court held that the legal theory of res judicata (now, claim preclusion) was inapplicable because the dismissal was without prejudice. *Id.* at 575-76, 364 P.2d at 397.

¶ 67    In a discussion that does not appear to be necessary to the court's holding on res judicata, the court noted that "[o]n dismissal of the original action [plaintiff] could have (1) amended its complaint, (2) stood on its complaint and appealed, (3) accepted a dismissal without prejudice or (4) had its rights finally adjudicated by a dismissal with prejudice and failure to appeal." *Id.* at 575, 364 P.2d at 397.  Brewing relies on this language, and the language in *Passe* and *Renner,* to contend that it had an absolute right to amend its complaint even after dismissal.

¶ 68    I reject this argument because in all three cases the dismissals were under C.R.C.P. 12(b)(5) — not, as was the case here, under C.R.C.P. 12(b)(1).

¶ 69    A dismissal under Rule 12(b)(5) for failure to state a claim is fundamentally different from a dismissal under Rule 12(b)(1) for lack of jurisdiction.[6]  On a Rule 12(b)(5) motion, a court must take the facts pleaded as true and may only consider the four corners of the complaint (together with documents appended to or referred to

---

[6] Because the district court in this case dismissed the complaint for lack of standing, the court noted that it was not reaching the defendants' C.R.C.P. 12(b)(5) grounds for dismissal.

in the complaint). *Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7. In contrast, under Rule 12(b)(1), a court must make findings and conclusions necessary to adjudicate the jurisdictional question. A court may, and often must, look beyond the pleadings and consider relevant evidence to assure itself that it has the power to hear the case. *See Barry v. Bally Gaming*, 2013 COA 176, ¶ 8. And a court may (and in certain contexts, must) hold an evidentiary hearing and make factual findings related to its jurisdiction. *See, e.g.*, *Trinity Broad. of Denver v. City of Westminster*, 848 P.2d 916, 926 (Colo. 1993).

¶ 70    In this case, defendants' challenge to the court's subject matter jurisdiction required the court to address whether Brewing had standing and thus whether the court had jurisdiction to adjudicate the pleaded claims. On a Rule 12(b)(1) motion, in contrast to a Rule 12(b)(5) motion, a court may look outside of the complaint to resolve a jurisdictional issue. *See Barry*, ¶ 8. Here,

the court relied on the published list of bidders to conclude that Brewing did not have standing.[7]

¶ 71    Because the merits of the standing determination of the June orders are not before us, I do not address to what extent the allegations of a complaint regarding standing must be accepted as true by a district court.  *See, e.g., Ainscough v. Owens*, 90 P.3d 851, 857 (Colo. 2004).  I also need not decide whether the court may or must, as in certain other cases implicating the court's subject matter jurisdiction, conduct evidentiary proceedings to enable the court to make findings of fact and conclusions of law on the jurisdictional questions.  *See, e.g., Trinity Broad.*, 848 P.2d at 926.

¶ 72    Because none of the supreme court decisions Brewing relied on addressed a dismissal under Rule 12(b)(1) for lack of jurisdiction, those holdings do not control here.  And because a Rule 12(b)(1) dismissal order is at issue, this case does not require deciding whether *Harris*, a 2006 court of appeals case regarding a

---

[7] Because, in my view, the June orders are not before us, I do not determine whether the trial court correctly relied on the published bidding list to conclude that Brewing lacked standing.

Rule 12(b)(5) dismissal, was inconsistent with *Renner, Passe*, or *Wistrand*.[8]

¶ 73     In conclusion, the district court did not err by dismissing the amended complaint because its June orders constituted final judgments that cut off Brewing's right to amend. Because I would affirm on that ground, I would not address whether the court erred when it concluded, in the alternative, that the amended complaint was futile. To the extent that Brewing's briefs invite us to give an advisory opinion on whether a new action would be barred by claim preclusion, I would decline the invitation because that question is not properly before us. During oral argument, however, the parties conceded that Brewing is free to initiate a new action regardless of the outcome of the amendment question at issue.

---

[8] The *Harris* opinion took note of only *Renner*, distinguishing it on the ground that the motion to amend in *Renner* was "made before judgment was entered on the docket," whereas in *Harris*, judgment was entered on the docket before amendment. *Harris v. Reg'l Transp. Dist.*, 155 P.3d 583, 587 (Colo. App. 2006). The *Harris* division found this distinction sufficient to conclude that it was not bound by *Renner*.